DONG, ADAM'S LAW FIRM PLLC
Adam Dong, Esq.
3708 Main St, Suite 308
Flushing, NY 11354
Tel:    (929) 269-5666
*Attorneys for Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
──────────────────────────────── x

Zhengjian Wang,
*on behalf of himself and others similarly situated*

       *Plaintiff*,

  v.

Chowbus, Inc. a.k.a. Fantuan Group, Inc.
d.b.a. Chowbus,
and Zhenjun Shen,

       *Defendants*.
──────────────────────────────── x

Case No. 21-cv-01956

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

   Plaintiff Zhengjian Wang (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Dong, Adam's Law Firm PLLC. And Adam Dong, Esq., hereby brings this complaint against Defendants Chowbus, Inc. a.k.a. Fantuan Group, Inc. d.b.a. Chowbus, and Zhenjun Shen (collectively referred to as "Defendants") and alleges as follows:

### INTRODUCTION

1. This action is brought by Plaintiff Zhengjian Wang on behalf of himself and other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

1

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a patterned practice of failing to pay its employees, including the Plaintiff, minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) misappropriated tips, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and cost.

4. Plaintiffs allege pursuant to NYLL § 650 *et seq.,* and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the Defendants: (1) unpaid minimum wage for regular hours worked, (2) unpaid overtime wages, (3) unpaid spread-of-hours premium, (4) misappropriated tips, (5) liquidated damages equal to 100% of the sum of unpaid minimum wage, unpaid spread-of-hours premium, unpaid overtime compensation, and misappropriated tips, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (7) up to five thousand dollars ($5,000) per plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employees' hours along with the employee's name, employer's address and telephone number, employee's rate or rates of pay, and deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (8) 9% simple prejudgment interest provided by NYLL, (9) post-judgment interest, and (10) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims

pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF

7. From on or about March 1, 2019 to September 23, 2019, and then again from on or about August 1, 2020 to February 27, 2021, Plaintiff Zhengjian Wang was employed by Defendants to work as a delivery person for Defendants' food deliver service.

8. During all relevant period, Plaintiff was not an exempt employee under either FLSA or NYLL.

### DEFENDANTS

*Corporate Defendant*

**Chowbus, Inc., a.k.a Fantuan Group, Inc., d.b.a. Chowbus**

9. Defendant Chowbus, Inc. is a foreign business corporation organized under the laws of the State of Delaware with a headquarter located at 55 E. Jackson Blvd., Ste 450, Chicago, Illinois, 60604, and with a New York local office located at 8219 Barnwell Ave, Elmhurst, NY 11373.

10. Defendant Chowbus, Inc. originally registered with the New York State Department of State as Fantuan Group, Inc.

11. On July 25, 2019, Chowbus, Inc. changed its entity name from Fantuan Group, Inc. to Chowbus, Inc.

12. Chowbus, Inc. is a business engaged in interstate commerce that has gross sales in excess

of five hundred thousand dollars ($500,000.00) per year.

13. Chowbus, Inc. purchased and handled goods moved in interstate commerce.

14. Chowbus, Inc. was and continues to be an enterprise engaged in commerce within the meaning of the FLSA.

15. The work performed by Plaintiff was directly essential to the business operated by Chowbus, Inc.

**Individual Defendant**

16. The Individual Defendant is an officer, director, manager and/or majority shareholder or owner of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

17. Zhenjun Shen, is a regional manager of Chowbus, Inc. Zhenjun Shen (1) had the power to hire and fire employees on behalf of Corporate Defendant, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records of Chowbus, Inc's New York branch.

18. Zhenjun Shen hired Plaintiff.

19. Zhenjun Shen determined Plaintiff's rate of pay.

20. Zhenjun Shen determined Plaintiff's work schedule.

21. Zhenjun Shen fired Plaintiff.

22. Upon information and belief, Zhenjun Shen maintained all employee records and business records of Chowbus, Inc.'s New York branch.

23. Zhenjun Shen acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and

the regulations thereunder, and is jointly and severally liable with Chowbus, Inc.

## STATEMENT OF FACTS

24.  Defendants committed the following alleged acts knowingly, intentionally, and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class Plaintiffs:

25.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the minimum wage under NYLL for some of the hours worked.

26.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees the lawful overtime compensation at one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

27.  While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime compensation.

28.  Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

29.  Defendants knowingly and willfully failed to provide Plaintiff and similar situated employees with Time of Hire Notice reflecting true rates of pay and payday, as well as paystub that lists employees' name, employer's name, employees' rate of pay, any deductions made from the employees' wages. Defendants did not furnish any notice to Plaintiff during his employment at Chowbus, Inc.

30.  Defendants knew that the nonpayment of minimum wage and overtime pay would financially injure Plaintiff and violate state and federal laws.

*Plaintiff Zhengjian Wang*

31.  From on or about March 1, 2019 to September 23, 2019, and then again from on or about

August 1, 2020 to February 27, 2021, Plaintiff Zhengjian Wang was employed by Defendants to work as a delivery person to perform delivery service in Flushing Area in Queens NY.

32. Throughout Mr. Wang's employment with Chowbus, Inc., Mr. Wang regularly handled goods in interstate commerce, such as delivery application and other supplies produced outside of the state of New York.

33. From on or about March 1, 2019 to May 6, 2019, Mr. Wang was paid at a flat daily rate of $120 per day.

34. From on or about May 7, 2019 to August 26, 2019, Mr. Wang was paid at a flat daily rate of $135 per day.

35. From on or about August 27, 2019 to September 23, 2019, Mr. Wang was paid at a flat daily rate of $150 per day.

36. From on or about August 1, 2020 to February 27, 2021, Mr. Wang was paid at a flat daily rate of $180 per day.

37. From on or about March 1, 2019 to September 23, 2019, Mr. Wang's regular work schedule was supposed to be from 11 am to 10 pm. However, Mr. Wang was required to start working at 10:30 am, and stop working at 11 pm, with no lunch breaks, for 12.5 hours per day. During this period, Mr. Wang regularly worked 6 to 7 days per week, or between 75 to 87.5 hours per week.

38. From on or about August 1, 2020 to February 27, 2021, Mr. Wang's regular work schedule was from 11 am to 9:30 pm, with half an hour break, for 10 hours per day. During this period, Mr. Wang worked 6 days per week, or 66 hours per week. Occasionally, Mr. Wang was also required to work 7 days per week, but not as frequent.

39. Mr. Wang's daily rate did not vary regardless how many hours he worked during that workweek.

40. During Mr. Wang's employment at Chowbus, Inc. he regularly worked more than 10 hours per day on any given workday.

41. At all relevant times, Mr. Wang was not paid at least one- and one-half times of his regular rate for hours worked above forty (40) in each workweek.

42. Throughout his employment, Mr. Wang was not compensated for New York's spread of hours premium for shifts that lasted longer than ten (10) hours at the minimum wage.

43. Throughout his employment, Mr. Wang was never informed of his hourly rate.

44. At all relevant times, Mr. Wang was never informed of any tip credit deduction toward the minimum wage or overtime wage.

45. Defendants required Mr. Wang to purchase "tools of the trade" such as an e-bike, with his own funds, and never reimbursed Mr. Wang for such expense and maintenance cost for the e-bike.

46. Upon information and belief, Defendants withheld tips given to Mr. Wang by customers.

47. At all relevant times, Defendants did not provide Mr. Wang and other similar situated employees with Time of Hire Notice detailing rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

48. At all relevant times, Defendants did not provide Mr. Wang and all other similar situated employees with statements every payday that accurately listed all of the following: the dates of work covered by the payment of wages; the employee's name; the name of the employer; the address and phone number of employer; the employee's rate or rates of pay and basis thereof; the employee's gross wages; the employees' deductions; allowances, if any, claimed as part of the minimum wage; net wages; the employee's regular hourly rate or rates of pay; the employee's

overtime rate or rates of pay; the employee's number of regular hours worked, and the employee's number of overtime hours worked.

49. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

50. Defendants failed to maintain accurate and sufficient time records of employees' hours worked, failed to provide such records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the New York Labor Law.

51. At all relevant times, Mr. Wang was not an exempt employee under either FLSA or NYLL.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this action individually and as collective representative on behalf of all other similar situated current and former non-exempt employees who have been employed by Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and those who were not compensated at one and one half times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

53. Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

54. All said persons, including the Plaintiff, are referred to herein as the "Class."

55. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the

positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

*Numerosity*

56. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

57. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b. Whether Defendants failed to pay Plaintiff and Class members proper minimum wage under the NYLL for all hours worked;

c. Whether Defendants failed to pay Plaintiff and Class members proper overtime wage under the NYLL for all hours worked;

d. Whether Defendants provided a notice detailing rates of pay and payday at the start of Plaintiff and Class members' start of employment and/or or timely thereafter;

e. Whether Defendants provided proper pay statement to Plaintiff and Class members on each pay day;

f. Whether Defendants failed to pay Plaintiff and Class members the spread of hours

premium for every day that an employee worked an interval in excess of ten hours; and

g.      At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their regular rate and overtime rate;

*Typicality*

58.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay for all hours worked, and failing to pay proper overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

59.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorney who is experienced and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

*Superiority*

60.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure to Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

61.     Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **STATEMENT OF CLAIMS**

### **COUNT I**

**[Violation of Fair Labor Standards Act— Failure to Pay Overtime**

**Brought on Behalf of Plaintiff and the FLSA Collective]**

62.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

63.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one half times the regular rate at which he is employed, or one and one half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

64.     The FLSA provides that any employer who violates the provision of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

65.     Defendants' failure to pay Plaintiff and the FLSA Collective their proper overtime rate violated the FLSA.

66.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay the proper overtime rate to Plaintiff and FLSA Collective members at one and one half times of their regular hourly rate for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA. 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.     The FLSA and supporting regulations requires employers to notify employees of employment law requirements. 9 C.F.R. § 516.4.

68.     Defendants willfully failed to notify Plaintiffs and FLSA collective members of the

requirements of the employment law in order to facilitate their exploitation of Plaintiffs and FLSA collective's labor.

69. Defendants knew or should have known that by failing to pay Plaintiffs and FLSA collective the proper overtime rate, Plaintiff and FLSA collective members would be financially injured.

## COUNT II

### [Violations of New York Labor Law—Minimum Wage/ Unpaid Wage Brought on Behalf of Plaintiff and Rule 23 Class]

70. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. At all relevant times, Plaintiff and Rule 23 class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

72. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and Rule 23 class members for some or all of the hours they worked.

73. Defendants knowingly and willfully violated Plaintiffs' and Rule 23 class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

74. By failing to pay Plaintiff and Rule 23 class members, Plaintiff and Rule 23 class members are entitled to recover from Defendants their full unpaid wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action, and interest pursuant to NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and NY Wage Theft Prevention Act (NYWTPA).

## COUNT III

### [Violation of New York Labor Law — Failure to Pay Overtime

**Brought on Behalf of Plaintiff and Rule 23 Class]**

75.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     At all relevant times, Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and one half (1.5x) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 NYCRR §137-1.3.

77.     Due to Defendants' violations, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime age and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198(1-a).

**COUNT IV**

**[Violation of New York Labor Law— Failure to Provide Time of Hire Notice**

**Brought on Behalf of Plaintiff and Rule 23 Class]**

78.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.     NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances. If any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

80. Defendants failed to provide such notice to Plaintiff or any other employee at the time of their hiring, or ten days within their hiring.

81. Due to Defendants' violation, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that violation occurred or continued to occur, up to $5000, together with cost and attorney's fees pursuant to NYLL § 198.

## COUNT V

**[Violation of New York Labor Law— Failure to Provide Pay Statement**

**Brought on Behalf of Plaintiff and Rule 23 Class]**

82. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. NYLL and supporting regulations require employers to provide detailed pay statement information to employees every payday. NYLL § 195-1(d).

84. Defendants failed to provide such pay statement to Plaintiff or any other employee on the day they get paid.

85. Due to Defendants' violation, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday that violation occurred or continued to occur, up to $5000, together with cost and attorney's fees pursuant to NYLL § 198.

## COUNT VI

**[Violation of New York Labor Law— Failure to Provide Pay Spread of Hours**

**Brought on Behalf of Plaintiff and Rule 23 Class]**

86. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. The NYLL requires employers to pay an extra hour's pay for every day that an employee

works an interval in excess of ten hours pursuant to NYLL § 190, *et seq.*, and §§650, *et seq.*, and 12 NYCRR § 146-1.6.

88. Defendants did not pay Plaintiff and any other employees spread of hours premium.

## COUNT VII

### [Violation of 29 U.S.C. §203(m) and (t) – Illegal Retention of Tips

### Brought on Behalf of Plaintiff and FLSA Collective]

89. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.

91. The FLSA prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer.

92. Retaining any portion of the tips from the Plaintiff to unjustly enrich the Defendants or using any portion of the tips to pay non-tipped employees is prohibited under the FLSA.

## COUNT VIII

### [Violation of New York Labor Law— Illegal Tip Retention

### Brought on Behalf of Plaintiff and Rule 23 Class]

93. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

95. A charge purported to be a gratuity, including charges advertised to be "delivery fee" to

customers, must be distributed in full as gratuities to the service employees or food service workers who provided the service.

96. 12 NYCRR §146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.

## COUNT IX

### [Reimbursement for purchasing and maintaining tools of the trade]

97. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. Both the FLSA and the NYLL require employers to reimburse their employees for costs associated with the purchase and maintenance of "tools of the trade," where such expenditures bring the employee's wages below the statutory minimum. 29 C.F.R. § 531.35; 12 NYCRR § 146-2.7(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, and the FLSA Collective Action Members and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

    a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt

employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they wish to pursue their claims;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similar situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state law claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members.

d) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

e) An injunction against Corporate Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

f) An award of unpaid wage and overtime wages due under the FLSA and NYLL plus compensatory and liquidated damages in the amount of one hundred percent (100%) under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216.

h) Up to $5,000.00 per Plaintiff for Defendants' failure to provide a time of hire notice detailing rates of pay and payday;

i) Up to $5,000.00 per Plaintiff for Defendants' failure to provide a paystub that conforms with NYLL § 195(3);

j)      An award of unpaid spread of hours premium and liquidated damages;

k)      An award of reimbursement of Plaintiff's out of pocket expense for purchasing and maintaining the tools of the trade;

l)      An award of tips illegally retained by Defendants, and liquidated damages;

m)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and spread of hours premiums pursuant to NYLL;

n)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

o)      The cost and disbursements of this action;

p)      An award of prejudgment and post-judgment fees;

q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent as required by NYLL § 198(4); and

r)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
       March 5, 2021

                                        Respectfully submitted,

                                        Dong, Adam's Law Firm PLLC

                                             /s/ Adam Dong
                                        Adam Dong, Esq. (AD 6544)
                                        3708 Main St, Ste 308
                                        Flushing, NY 11354
                                        Tel: (929) 269-5666
                                        Email: adam.dong@dongadams.com